18-3616-pr
*Alke v. Adams, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of September, two thousand twenty.

PRESENT:   DENNY CHIN,
                      SUSAN L. CARNEY,
                      STEVEN J. MENASHI,
                                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ERIK ALKE,

                          *Plaintiff-Appellant,*


                 -v-                                                                    18-3616-pr

DR. RICHARD ADAMS, CLINTON
CORRECTIONAL FACILITY; JEFFERY
TAYLOR, NURSE, CLINTON
CORRECTIONAL FACILITY,

                          *Defendants-Appellees,*

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION; STEVEN RACETTE,
SUPERINTENDENT, CLINTON

CORRECTIONAL FACILITY; BRIAN FISCHER,
DOCCS COMMISSIONER; VONDA JOHNSON,
FACILITY HEALTH SERVICES DIRECTOR,
CLINTON CORRECTIONAL FACILITY;
JOHN DOES 1 THROUGH 20,

                *Defendants*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        BERNARD V. KLEINMAN, Law Office of Bernard V. Kleinman, PLLC, Somers, New York.

FOR DEFENDANTS-APPELLEES:        JONATHAN D. HITSOUS, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Victor Paladino, Senior Assistant Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, Albany, New York.

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment and orders of the district court are **AFFIRMED**.

Plaintiff-appellant Erik Alke appeals from a judgment and two orders of the district court dismissing his claims under 42 U.S.C. § 1983 and the Eighth Amendment, the Americans with Disabilities Act (the "ADA"), the Rehabilitation Act of 1973 (the "RA"), the New York State Constitution, and state common law. Alke was an

---

* The Clerk of the Court is respectfully directed to amend the official caption to conform to the above.

-2-

inmate at the Clinton Correction Facility ("Clinton") when he suffered a back injury while moving furniture. He contends that defendants-appellants -- a doctor and nurse at Clinton -- failed to properly treat his injury. He appeals two orders: (1) the district court's order, filed August 9, 2017, granting defendants-appellees' Federal Rule of Civil Procedure 12(b)(6) motion as to all his claims except his § 1983 medical indifference claim against Dr. Richard Adams, a doctor at Clinton, and Jeffrey Taylor, a nurse at Clinton; and (2) the district court's order, entered October 25, 2018, granting summary judgment in favor of defendants and dismissing the remaining deliberate indifference claim against Adams and Taylor. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"Our standard of review for both motions to dismiss and motions for summary judgment is *de novo*." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). When reviewing a district court's grant of a motion to dismiss, "we accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Chabad Lubavitch of Litchfield Cty., Inc. v. Litchfield Historic Dist. Comm'n*, 768 F.3d 183, 191 (2d Cir. 2014) (brackets and internal quotation marks omitted). A case is properly dismissed where "the complaint cannot state any set of facts that would entitle the plaintiff to relief." *Miller*, 321 F.3d at 300. When reviewing a district court's grant of a motion for summary judgment, "we must view the evidence in the light most favorable to the party opposing [the motion]." *Lewis v.*

-3-

*Siwicki*, 944 F.3d 427, 431 (2d Cir. 2019) (internal quotation marks omitted). Summary judgment is appropriate when there is "no genuine dispute of material fact," *id.*, and "no rational factfinder could find in favor of the nonmovant," *Soto v. Gaudett*, 862 F.3d 148, 157 (2d Cir. 2017).

We have conducted an independent review of the record in light of these principles, and we affirm for substantially the reasons stated in the district court's thorough and well-reasoned orders.

In its August 9, 2017 order, the lower court correctly dismissed Alke's medical indifference claims against defendants-appellees Brian Fischer, the commissioner of the Department of Corrections and Community Supervision ("DOCCS"); Steven Racette, a DOCCS superintendent; and Dr. Vonda Johnson, Clinton's facility health services director, because Alke failed to plead sufficient facts indicating that they were personally involved in treating his back injury. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). Similarly, the court also correctly dismissed Alke's disability-discrimination claims under the ADA and RA because Alke did not allege facts signaling any discriminatory intent. *See Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016) ("[T]o establish a prima facie violation under [the ADA and RA], [a plaintiff] must show that . . . DOCCS . . . discriminated against him *by reason of* his

-4-

disability." (emphasis added)).  Finally, the court was correct in finding that state sovereign immunity precluded suit against DOCCS in federal court, *see Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004) (finding that § 1983 claims against state agencies are barred unless the state consents to be sued), and that New York Correction Law § 24 prevented Alke from suing the individual defendants because they were all working within the scope of their employment when the alleged violation occurred, *see* N.Y. Correct. Law § 24(1) ("No civil action shall be brought in any court of the state . . . against any officer or employee . . . for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.").

In its October 25, 2018 order, the district court correctly dismissed Alke's deliberate indifference claims against Adams and Taylor.  The undisputed facts showed that Adams and Taylor provided Alke with extensive medical treatment over the course of more than two years, including examining him regularly, ordering tests (including x-rays, MRIs, and an EMG nerve conduction study), prescribing physical therapy, excusing him from work, and prescribing and adjusting medication.  Accordingly, the district court correctly determined that no rational trier of fact could determine that Adams or Taylor acted with the requisite subjective indifference to support a deliberate indifference claim.  *See Farmer v. Brennan*, 511 U.S. 825, 838 (1994) ("Eighth Amendment suits against prison officials must satisfy a subjective requirement." (internal quotation

-5-

marks omitted)); *see also Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) ("Medical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness.").

\* \* \*

We have considered Alke's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment and orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk